UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:13-cr-222-JA-DAB
(6:05-cr-138-JA-DAB)

DAMION RASHAAD CARDER

ORDER

Before the Court is Damion Rashaad Carder's pro se motion for compassionate release under 18 U.S.C. § 3582.[1] (Doc. 68). Because Carder does not present extraordinary and compelling reasons for compassionate release or a sentence reduction, his motion is denied.

I. BACKGROUND

In 2006, in criminal case number 6:05-cr-138, Carder pleaded guilty to one count of possession of cocaine with intent to distribute. (Doc. cr. 47). The Court sentenced Carder to 151 months of imprisonment, which it reduced in 2007 to 96 months after the Government sought a sentence reduction. (Doc. cr. 49; Doc. cr. 53). In 2008, the Court *sua sponte* reduced Carder's term of imprisonment

---

[1] References to documents in the instant case are "Doc." References to documents in Carder's criminal case, No. 6:05-cr-138-JA-DAB, are "Doc. cr." In that criminal case, Carder filed an identical motion for compassionate release. (Doc. cr. 91).

to 77 months, based on amendments to the United States Sentencing Guidelines that changed Carder's base level offense. (Doc. cr. 60). There was another *sua sponte* sentence reduction in 2011, reducing Carder's term of imprisonment to 51 months under Amendment 750 of the Sentencing Guidelines. (Doc. cr. 68).

On November 8, 2011, Carder was released from imprisonment and began a term of supervised release. While on supervised release, he committed the new offense of possession with intent to distribute and distribution of heroin in this case. Based on this new offense, the Court sentenced Carder to 225 months in this case.[2] In 2014, based on the new criminal conviction, Carder was sentenced to 36 months of imprisonment—for possession with intent to distribute and distribution of 100 or more grams of heroin—to run consecutive to his 225-month term of imprisonment imposed in this case. (Doc. cr. 90; Doc. cr. 94 at 2).

Carder argues that his family circumstances are extraordinary and compelling reasons to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 68 at 5–6; Doc. 75 at 3). He contends that his mother's health is deteriorating, which may prevent him from taking over or running his mother's business if his motion is not granted. And he submits that his family circumstances, his rehabilitative record, and the extreme conditions of incarceration that he has

---

[2] Judge Charlene Edwards Honeywell sentenced Carder in this case. (Doc. 51).

lived under are "similar in gravity" to the "extraordinary and compelling reasons" for a sentence reduction defined by the Sentencing Guidelines. (Doc. 68-1 at 6, 8; Doc. 72 at 6; Doc. 75 at 1).

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). In 18 U.S.C. § 3582(c), the procedure and factors for a court to consider before it may grant compassionate release are outlined.

First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. 18 U.S.C. § 3582(c); *see United States v. Elie*, No. 6:09-cr-50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to

3

relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

III. DISCUSSION

A. Exhaustion

It is undisputed that Carder exhausted his administrative rights. He sought a sentence reduction on January 15, 2025. (Doc. 68 at 3; Doc. 68-1 at 14). More than thirty days passed since the BOP's receipt of Carder's application before he filed the instant motion, and the BOP declined to file a motion on his behalf. (Doc. 68 at 3; Doc. 68-1 at 14). Thus, the Court may consider Carder's motion on the merits. (Doc. 72 at 6).

B. There are no extraordinary and compelling reasons

There is an opportunity for relief under U.S.S.G. § 1B1.13(b)(5) if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Under U.S.S.G. §§ 1B1.13(b)(1)–(4), there are opportunities for relief when:

> (1) *Medical Circumstances of the Defendant.—*
> (A) The defendant is suffering from a terminal illness (*i.e.,* a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.,* a probability of death within a specific time period) is

4

not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii) such risk cannot be adequately mitigated in a timely manner.

(2) *Age of the Defendant.*—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) *Family Circumstances of the Defendant.*—

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) *Victim of Abuse.*—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are

unduly delayed or the defendant is in imminent danger.
U.S.S.G. §§ 1B1.13(b)(1)–(4).

The family circumstances that Carder presents are not similar in gravity to those defined by § 1B1.13(b)(3). Carder does not submit that he is the only available caregiver for his mother—his motion attaches pictures of his mother and stepfather together, and his two adult children. (Doc. 68 at 11; Doc. 68-1 at 17, 28–29; Doc. 72 at 8). And Carder's motion provides that if he is released, he would be residing with his mother and his stepfather. (Doc. 68 at 9). There is no contention that these individuals would be unavailable to care for his mother.

And although the Court is sympathetic to Carder's desire to take over his mother's business and to live a more productive life, these circumstances are dissimilar in gravity to those defined by §§ 1B1.13(b)(1)–(4). Carder's family circumstances are no more similar in gravity to those defined by §§ 1B1.13(b)(1)–(4), when considered with his "rehabilitative record" and the extreme conditions that he has lived under while incarcerated. (Doc. 68-1 at 6, 8). Carder does not, for example, allege that he was the victim of sexual abuse, physical abuse that resulted in a "serious bodily injury," nor a similarly grave incident while incarcerated.[3] And rehabilitation is not similar to any of the

---

[3] *See* U.S.S.G. § 1B1.13(b)(4) (providing opportunity for relief where Defendant "was a victim of: (A) sexual abuse involving a 'sexual act' . . .; or physical abuse resulting in a 'serious bodily injury' . . .; that was committed by, or at the direction of,

7

"extraordinary and compelling reasons" defined by §§ 1B1.13(b)(1)–(4).

Thus, Carder fails to present extraordinary and compelling reasons to reduce his sentence under U.S.S.G. § 1B1.13(b).

Accordingly, it is **ORDERED** that Damion Rashaad Carder's motion for compassionate release (Doc. 68) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 31st, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Damion Rashaad Carder

---

a correctional officer" or similar individual with "custody and control over the defendant").